USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,         :
                                  :
                                  :     **15 CR 836 (VM)**
            -against-             :     <u>**DECISION AND ORDER**</u>
                                  :
JOSEPH STEELE,                    :
                                  :
                      Defendant.  :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On May 20, 2022, defendant Joseph Steele ("Steele") filed a pro se motion requesting compassionate release or a reduction in sentence under 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (<u>See</u> "Motion," Dkt. No. 101.) For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

Steele was arrested in November 2015 and indicted on one count of possession of a firearm after having been convicted of a felony, a violation of 18 U.S.C. Sections 922(g)(1) and (2). A jury convicted Steele of this offense and he was sentenced to 180 months' imprisonment followed by five years of supervised release. The Court has described the subsequent trial, conviction, and sentencing with detail in a prior order denying Steele's motion for postconviction relief pursuant to 28 U.S.C. Section 2255 ("Section 2255"). <u>See</u> <u>Steele v. United States</u>, Nos. 15 Crim. 826, 20 Civ. 1151, 2021 WL 2292604, at *1–3 (S.D.N.Y. June 4, 2021). Following his direct appeal,

1

Steele has filed two motions for relief under Section 2255, both of which the Court denied. See id. (See also Dkt. No. 107.)

Steele now moves for a reduction in sentence pursuant to Section 3582. He seeks compassionate release due to the COVID-19 pandemic, his health conditions, and his purported rehabilitation since sentencing. (See Motion.) Also before the Court is the Government's letter in opposition to the Motion. (See "Opposition," Dkt. No. 106.)

## II.  LEGAL STANDARD

After a defendant has exhausted their administrative remedies and unsuccessfully sought a sentence reduction from the BOP, a sentencing court may modify or reduce a term of imprisonment upon a finding that "extraordinary or compelling reasons warrant such a reduction," after consideration of the Section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). Under Section 3582, the court must "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and is not limited to considering reasons articulated by the United States Sentencing Commission. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also United States v. Phillibert, 15 Crim. 647, 2021 WL 3855894, at *3 (S.D.N.Y. Aug. 27, 2021)

(explaining that Brooker clarified the reach of the Sentencing Commission's guidance defining "extraordinary and compelling"). Section 3582 grants a district court "broad" discretion, and under the statute, the court can "for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." Id.

### III. DISCUSSION

The Court first notes that Steele adequately exhausted his administrative remedies prior to bringing the Motion. Section 3582 empowers this Court to hear compassionate release motions after a defendant fully exhausts all administrative appellate rights or after thirty days have passed since the warden received defendants' reduction request. See Section 3582(c)(1)(A). Steele wrote to the warden at F.C.I. Hazelton, the facility at which he is currently imprisoned, on March 9, 2022 requesting release. (See Ex. 1, Motion.) More than thirty days passed between that request and the filing of this Motion, so the exhaustion requirement is satisfied.

Having found that Steele met the exhaustion requirement, the Court must evaluate whether extraordinary and compelling reasons justify compassionate release and whether the Section

3553(a) factors weigh in favor of release. See United States v. Pellot, 19 Crim. 169, 2021 WL 807242, at *1 (S.D.N.Y. Mar. 3, 2021). Steele argues that the risk of contracting COVID-19 in prison, exacerbated by his medical conditions, plus his post-sentence rehabilitation and a reexamination of the Section 3553(a) factors justify his release. The Court does not find any of these arguments surpasses the high bar to constitute "extraordinary and compelling" reasons justifying release.

Steele suffers from asthma, hypertension, and obesity, all of which increase his risk of becoming severely ill if he contracts COVID-19. But Steele has been vaccinated with two primary doses and a booster shot of a COVID-19 vaccine. This course of vaccination mitigates his risk of becoming seriously ill from COVID-19. Courts in this District have repeatedly noted that "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." United States v. Jones, 17 Crim. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021). See also United States v. Delgado, No. 19 Crim. 732, 2022 WL 252064 (S.D.N.Y. Jan. 27, 2022); United States v. Nieves, No. 12 Crim. 931, 2021 WL 3494820, at *2 (S.D.N.Y. Aug. 8, 2021) (finding "the

4

circumstances of the pandemic weigh less heavily on the balance of [Section] 3553(a) factors for inmates who have recovered from or been vaccinated against COVID-19 and are thus less likely to be infected again in the future").

As for Steele's argument that his post-sentence rehabilitation amounts to an extraordinary or compelling reason justifying compassionate release, the Court is prohibited from making such a finding based on his rehabilitation alone. Congress has expressly instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Court commends Steele's rehabilitative efforts but finds that these efforts do not, either alone or in combination with the other circumstances he cites, meet the "extraordinary and compelling" standard. See, e.g., United States v. Saleh, No. 93 CR 181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (recognizing a defendant's commendable institutional record but denying release).

Section 3582(c) allows for a sentence reduction upon consideration of all Section 3553(a) factors and a finding of extraordinary and compelling reason justifying release in light of those factors. Because Steele has not demonstrated any extraordinary and compelling reason justifying a sentence modification, the Court finds no need to reweigh the Section

5

3553(a) factors. The Court considered all statutory factors when sentencing Steele. The Court imposed a sentence representing a significant downward variance from the range recommended by the Sentencing Guidelines and explained its reasoning for doing so on the record at Steele's sentencing. The sentence imposed reflected the seriousness of Steele's crime and his criminal history, and it was sufficient but not greater than necessary to comply with the purposes of sentencing. Steele has not presented reason to revisit that conclusion, and his Motion will be denied.

## IV. ORDER

Accordingly for the reasons stated above, it is hereby

**ORDERED** that defendant Joseph Steele's motion for compassionate release or a sentence reduction pursuant to 18 U.S.C. Section 3582(c)(1) (Dkt. No. 101) is DENIED.

The Clerk of Court is hereby directed to mail this Order to Joseph Steele, No. 73353054, FCI Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525.

**SO ORDERED.**

Dated: New York, New York
       5 July 2022

_____
Victor Marrero
U.S.D.J.