USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOSEPH STEELE,                      :
               Petitioner,          :
                                    :      15 CR 836 (VM)
          -against-                 :      20 Civ. 1151 (VM)
                                    :      SUMMARY ORDER
UNITED STATES OF AMERICA,           :
                                    :
               Respondent.          :
-----------------------------------X
```

**VICTOR MARRERO, U.S.D.J.:**

On October 28, 2016, petitioner Joseph Steele ("Steele") was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g)(1) and (2). On February 5, 2020, he filed a motion to vacate his sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255"). (See "Original Motion," Dkt. No. 83.) After full briefing, the Court denied that motion on June 4, 2021. See Steele v. United States, Nos. 15 Crim. 836, 20 Civ. 1151, 2021 WL 2292604 (S.D.N.Y. June 4, 2021) ("Steele I"). On June 7, 2022, Steele filed another pro se motion to vacate under Section 2255. (See "June 2022 Motion," Dkt. No. 105.) The Court deemed that filing a second or successive motion under Section 2255 and denied the motion on July 29, 2022. Steele appealed that decision.

On September 7, 2022, the Second Circuit transferred the petition back to this Court, noting that Steele's appeal in Steele I was still pending, meaning the adjudication of that motion was not final. Per the Second Circuit's decisions in Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) and

1

Whab v. United States, 408 F.3d 116, 120 (2d Cir. 2005), this Court should have construed the June 2022 Motion "as a motion to amend the pending [Section] 2255 motion." Ching, 298 F.3d at 177. The Court now so-construes the June 2022 Motion as a motion to amend Steele's Original Motion. For the reasons below, the motion to amend is denied as futile.

On June 7, 2022, Steele filed the June 2022 Motion.[1] Steele argues that his sentence should be vacated because, following the Supreme Court's decision in United States v. Borden, his prior conviction for robbery in the first degree, in violation of New York Penal Law Section 160.15(4) ("Section 160.15(4)") no longer qualifies as a crime of violence and can no longer provide the predicate for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). (See June 2022 Motion at 4.) He asks to be resentenced without the sentencing enhancement under ACCA. (See id. at 13.)

In Borden, a plurality of the Supreme Court held that a criminal offense with a requisite mens rea of "recklessness" does not qualify as a violent felony triggering ACCA's sentencing enhancement. See 141 S. Ct. 1817, 1825 (2021). A

---

[1] The Court did not order a reply to the Second 2255 Motion. Per the Rules Governing Section 2255 Proceedings, a district court is permitted to "review and deny a Section 2255 motion prior to directing an answer '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.'" Carrasco v. United States, 190 F. Supp. 3d 351, 353 (S.D.N.Y. 2016) (quoting Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts).

majority of the Court held that the particular crime at issue, a reckless aggravated assault conviction under Tennessee law, did not qualify as a prior violent-felony conviction for ACCA purposes. See id. at 1834 (Thomas, J., concurring in the judgment). Steele argues that this decision means first-degree robbery under New York law is no longer a violent felony under ACCA.

However, recklessness is not the requisite mens rea for robbery in the first degree under New York law. See N.Y.P.L. § 160.15. Robbery is a crime of intent, or purpose, under New York law, see N.Y.P.L. §§ 160.00; 155.05, meaning it requires a higher degree of culpability. See Borden, 141 S. Ct. at 1823. Thus, Borden has no impact on ACCA convictions in which first-degree robbery under Section 160.15(4) was one of the prior crimes. Because Borden is inapplicable to Steele's conviction under ACCA, the Court finds permitting amendment of his Section 2255 motion would be futile. See United States v. Ramirez, No. 13 Crim. 135, 2022 WL 2703596, at *17 (S.D.N.Y. July 11, 2022) (denying a motion to amend a Section 2255 petition as futile where the authoritative case upon which the purported amendment was based has no impact on the petitioner's case).

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Joseph Steele to

3

vacate his sentence pursuant to 28 U.S.C. Section 2255 (Dkt. No. 109) is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Joseph Steele, Reg. No. 73353-054, F.C.I. Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525.

**SO ORDERED:**

Dated:   New York, New York
         September 16, 2022

_____
Victor Marrero
U.S.D.J.

4